UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-155-RJC

| | |
|---|---|
| ALEXANDER HEWATT SHEPARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MIKE SLAGLE et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the court on Plaintiff's Motion to Appoint Counsel, (Doc. No. 8), and Motion to Grant Service of Process, (Doc. No. 11).

I. **Motion to Appoint Counsel**

Plaintiff argues that due to the complexity of this action, and limits on his ability to do research because on his incarceration, the Court should appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). Section 1915(e)(1) provides: "[t]he court may request an attorney to represent any person unable to afford counsel." There is no constitutional right to counsel in civil cases, and courts are directed to exercise their discretion and to appoint counsel for pro se civil litigants "only in exceptional cases." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 298 (1989); see 28 U.S.C. § 1915(e)(1). The existence of "exceptional circumstances" depends upon two factors: (1) the type and complexity of a case and (2) the ability of the pro se litigant to present the case. Whisenant, 739 F.2d at 163.

The Court has considered the merits of the Complaint, (Doc. No. 1), the complexity of the issues raised, Plaintiff's ability to express his position, and the likelihood that this matter will

progress to discovery or trial. While the Complaint is lengthy, the issues raised are not unique and are of the type that are routinely raised by inmates and resolved on motions. Based on a review of all of the pleadings, Plaintiff appears to be quite adept at expressing his legal theories and in formulating requests for relief. Indeed, he appears to have some legal knowledge and access to federal legal materials inasmuch as he has quite accurately cited the correct provision of Title 28 in bringing this motion. Further, there is nothing unique in prosecuting a Section 1983 case from a place of incarceration. Finally, the likelihood of this matter progressing to trial is very low.

The Court finds that, at this time, Plaintiff is adequately representing himself and his case is not complex. The Court will, therefore, decline to appoint counsel under 28 U.S.C. § 1915(e)(1).

## II.     Motion to Grant Service of Process

Plaintiff also asks the Court to allow process to issue. A review of the pleadings reveals that Plaintiff was permitted to proceed in forma pauperis on July 11, 2011. (Doc. No. 2). The Court has conducted an initial review of Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e)(2) and determines that Plaintiff appears to be alleging that Defendants were deliberately indifferent to a serious medical need. See (Doc. No. 1). Plaintiff has alleged and presented some proof that he has exhausted his administrative remedies. (Id.). Thus, such Complaint satisfies initial review. The Motion to Grant Service of Process will be granted.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel (Doc. No. 8) is **DENIED**;

2. Plaintiff's Motion to Grant Service of Process (Doc. No. 11) is **GRANTED**; and

3. In accordance with 28 U.S.C. § 1951(d), the Clerk of Court is respectfully instructed to issue process and to provide such process along with sufficient service copies of the Complaint, as well as copies of this Order, to the United States Marshal and the United States Marshal is respectfully instructed to serve a copy of the Complaint, Summons, and this Order upon Defendants in accordance with Federal Rule of Civil Procedure 4(i)(1). All costs of service shall be advanced by the United States.

Signed: February 8, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

3