UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-155-RJC

| | |
|---|---|
| **ALEXANDER SHEPARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **MIKE SLAGLE, Assistant** ) | |
| **Superintendent, Mtn. View** ) | |
| **Correctional Institution,** ) | |
| **DR. ROBERT UHREN,** ) | |
| **ELLEN WILEY,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Uhren's Motion to Dismiss Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Defendant Uhren's motion will be granted and this case will be dismissed against all Defendants for failure to state a claim for relief. FED. R. CIV. P. 12(b)(6).

## I. BACKGROUND

In his complaint, in December 2010, Plaintiff alleges he was seriously injured while performing yard maintenance at the Mountain View Correctional Institution. (Doc. No. 1 ¶ 12). Plaintiff states that he suffered injury to his left shoulder and arm while lifting and storing 45-pound weights. Following injury, Plaintiff continued to experience severe pain and numbness in his left arm and shoulder. In response to this continued pain, Plaintiff began submitting sick requests and he was examined by nursing staff on four occasions where he was informed "there is nothing we can do for you." (Id. at 8 ¶ 14).

1

In March 2011, Plaintiff was examined by Defendant Uhren and Plaintiff explained his injuries. Plaintiff alleges that Dr. Uhren refused him treatment and "threatened to take my only pain medication." (Id. at 8 ¶ 15). Plaintiff was seen again by Dr. Uhren on April 13, 2011, and Plaintiff was informed that he suffered from arthritis and Dr. Uhren prescribed physical therapy, and "not a medical specialist." (Id. at 9 ¶ 17).

On June 2, 2011, Plaintiff was evaluated while incarcerated in the Alexander Correctional Institution by a "N.C. Therapist," Mrs. Ford, who rendered the opinion that Plaintiff had a torn ligament in his left shoulder and she, like Dr. Uhren, recommended physical therapy. (Id. at 9-10 ¶ 18).

In March 2011, Plaintiff filed a grievance with the Administrative Remedy Board contending that he was denied medical care, denied pain medication, and denied an orthopedic referral. Defendant Slagle responded to the grievance by concluding that Plaintiff's record showed that he had received attentive, adequate medical care. (Doc. No. 1-1 at 5). Plaintiff's grievance was therefore denied at the first step and finally denied on appeal.

Plaintiff contends in his complaint that the defendants have violated his rights as protected by the Eighth Amendment by "refusing to actually diagnose my injury, every action and decision being made by medical staff is without a fair and intelligent basis." (Doc. No. 1 at 11 ¶ 22). In his claim for relief, Plaintiff seeks an order requiring the "Division of Prisons to have Plaintiff evaluated for shoulder injuries and treated by an orthopedic specialist not regularly under contract, nor working for the N.C. Division of Prisons." In addition, Plaintiff seeks a transfer to a prison facility closer to his hometown of Salisbury, North Carolina, and compensatory damages in the amount of $10,000, and $20,000 in punitive damages against each

defendant. (Id. at 11-12).

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). Upon review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the complaint states a claim upon which relief can be granted. In particular, although the Court must consider all well-pleaded allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harris v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

Claims under § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575–76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md.1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical

4

care. A claim based solely on a difference of opinion as to the quality of such care is not sufficient to raise a constitutional claim. Id. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

    A.    Dr. Uhren's Motion to Dismiss

In the present case, it is clear that Plaintiff disagreed with the course of his treatment and that serves as the basis for his Eighth Amendment claim. However, as noted, a mere disagreement does not serve as a sufficient legal basis to support a claim under the Eighth Amendment in this Section 1983 action. Following treatment by Dr. Uhren, Plaintiff was given an X-ray which revealed mild degenerative joint disease. (Doc. No. 1-1 at 5).[1] While he acknowledges in his complaint that he received recommendations from both Dr. Uhren and Mrs. Ford that he participate in physical therapy, Plaintiff disagrees with these conclusions. Rather, Plaintiff is certain that he should have been referred to an orthopedic specialist for an evaluation who was not employed by the Division of Prisons. Plaintiff's disagreement with Dr. Uhren's

---

[1] Plaintiff has attached copies of his documents generated during his participation in the prison Administrative Remedy Procedure. The Court has considered these documents and finds them to be reliable and integral to the complaint. See Phillips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a 12(b)(6) [motion, the court] may properly take judicial notice of matters of public record . . . [and may also] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.").

recommendation and course of treatment fails to state a cognizable claim for relief and it will be dismissed.

B. **Defendants Wiley and Slagles' Motion to Dismiss**

In their amended answer, Defendants Wiley and Slagle moved to dismiss Plaintiff's complaint for failure to state a claim. (Doc. No. 21 at 5). According to Plaintiff's complaint, Ms. Wiley holds a senior supervisory position in medical services at Mountain View Correctional. (Doc. No. 1 at 7 ¶ 10). On March 22, 2011, Plaintiff submitted an "Inmate Request Form" complaining about the medical treatment of his shoulder and requested that Ms. Wiley "intercede" on his behalf. In response to the Inmate Request Form, Plaintiff was informed that he had an appointment scheduled for that very month to evaluate his shoulder. (Doc. No. 1-1 at 1).

According to the complaint, Mr. Slagle is responsible for medical operations at Mountain View Correctional. (Doc. No. 1 at 6 ¶ 7). In his Step One grievance, Plaintiff complained to Mr. Slagle about the treatment provided by Dr. Uhren. Mr. Slagle concluded, based on the records, that Plaintiff's complaints regarding medical treatment had been "thoroughly" addressed. (Doc. No. 1-1 at 5). Mr. Slagle details the treatment Plaintiff received which included an X-ray noting mild degenerative bone disease. Mr. Slagle noted that physical therapy was recommended and that a request for such treatment was pending at the time Plaintiff's Step One grievance was denied. (Id.).

It would follow that Plaintiff's complaint against Defendants Wiley and Slagle cannot survive a motion to dismiss under Rule 12(b)(6). First, the Court concludes that Plaintiff has failed to state a claim of medical indifference that can survive such a motion by Dr. Uhren. Second, Plaintiff's allegations against Defendants Wiley and Slagle are solely related to the

actions of Dr. Uhren, the only medical provider named as a defendant in this matter. Finally, as the Court has found that Plaintiff has failed to state an actionable claim against Dr. Uhren, the the evaluation of Dr. Urhen's medical treatment by Defendants Wiley and Slagle cannot lead to a finding of medical indifference as a matter of law. The complaint against Defendants Wiley and Slagle will be dismissed for failure to state a claim.

### C. Plaintiff's Remaining Motions

Plaintiff filed a "Motion for Special Order" and a "Motion to Expedite Proceeding." (Doc. Nos. 38, 39). As for the former motion, the Court is without authority to grant the relief requested by Plaintiff in this case. Namely, an order transferring Plaintiff to a prison facility near Winston-Salem which contains a geriatric program or to order that Plaintiff be provided with a particular job assignment in order to earn "extra time credits off his sentence." This motion will be denied.

As for the motion to expedite, that motion is now moot in light of the Court's ruling in dismissing Plaintiff's complaint.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Uhren's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim for Relief is **GRANTED** and Plaintiff's Complaint against Dr. Uhren is **DISMISSED with prejudice**. (Doc. No. 27).

2. The Complaint against Defendants Slagle and Wiley is **DISMISSED with prejudice** for Failure to State a Claim upon which Relief may be Granted.

3. Plaintiff's Motion for a Special Order is **DENIED**. (Doc. No. 38).

4. Plaintiff's Motion to Expedite Proceeding is **DISMISSED** as moot. (Doc. No. 39).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge